UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-677-FDW

| THOMAS MOORE, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| RICK JACKSON, Superintendent, | ) |  |
| Lanesboro Correctional Institution, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. On December 23, 2013, the Clerk entered an order waiving the initial filing fee and directing monthly payments to be deducted from Plaintiff's prison account. (Doc. No. 5).

**I.  BACKGROUND**

Pro se Plaintiff Thomas Moore, Jr., a North Carolina state inmate currently incarcerated at Hyde Correctional Institution, filed this action on December 11, 2013, pursuant to 42 U.S.C. § 1983.[1] In his Complaint, Plaintiff names as the sole Defendant Rick Jackson, identified at all relevant times as the Superintendent of Lanesboro Correctional Institution. (Doc. No. 1 at 2). Plaintiff purports to bring a claim of cruel and unusual punishment under the Eighth Amendment based on his allegation that he and other inmates at Lanesboro were subjected to inhumane

---

[1] Although Plaintiff has not submitted his administrative grievances to this Court, he has submitted a statement, signed under penalty of perjury, that he exhausted his administrative grievances before filing this action. See (Doc. No. 6 at 1).

1

conditions between August 26, 2011, and September 16, 2011.[2]  Specifically, Plaintiff alleges that during this time he was forced to live and sleep on the prison's gym floor with around 100 other inmates, many of whom had colds and infectious diseases; he was forced to shower without shower shoes, causing him to contract athlete's foot; he was forced to wear the same dirty clothing for three days in a row without taking a shower; and he was forced to share with the other inmates one toilet in the gym, with extended periods of time in which they were without sanitation supplies.  (Id. at 5-7).  Plaintiff seeks compensatory and punitive damages.  (Id. at 4-5).

II.  **STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint,

---

[2]  An order from the Eastern District of North Carolina indicates that the inmates were living in the gym at Lanesboro because of an emergency hurricane evacuation.  See (Order, Doc. No. 7 at 2, Moore v. Keller, No. 5:12-CT-3249-D, (E.D.N.C. Aug. 27, 2013).  Plaintiff initially filed a Section 1983 action in the Eastern District of North Carolina based on the emergency hurricane evacuation, and he named as Defendants officials at Piedmont Correctional Institution and Hyde Correctional Institution, but he named no officials at Lanesboro as Defendants.  The Eastern District of North Carolina dismissed all of the named Defendants in that action as to Plaintiff's claims directed to officials at Piedmont Correctional Institution and Hyde Correctional Institution, but the Eastern District of North Carolina then transferred the action to this Court as to all of Plaintiff's claims against officials at Lanesboro.  On November 6, 2013, because there were no remaining Defendants in the lawsuit following the transfer, this Court dismissed the action without prejudice to Plaintiff to refile a lawsuit naming the proper authorities at Lanesboro as Defendants.  (Order, Doc. No. 9, Moore v. Keller, 3:13cv486 (W.D.N.C. Nov. 6, 2013)).

2

if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir. 1993).

A reviewing court "owe[s] 'substantial deference to the professional judgment of prison administrators.'" Beard v. Banks, 548 U.S. 521, 528 (2006) (quoting Overton v. Bazzetta, 539 U.S. 126, 132 (2003)). "[R]estrictive prison regulations are permissible if they are 'reasonably related to legitimate penological [objectives],' and are not an 'exaggerated response' to such objectives." Id. (quotations omitted) (quoting Turner v. Safley, 482 U.S. 78, 87 (1987)). The length of time Plaintiff was subjected to the harsh conditions is an important factor in analyzing whether his constitutional rights were violated. See Beverati v. Smith, 120 F.3d 500, 504 (4th

3

Cir. 1997).

Here, the alleged instances of unconstitutional conduct, whether considered apart from one another or cumulatively, do not rise to the level of a constitutional violation under the Eighth Amendment. Although prolonged unsanitary conditions can rise to the level of an Eighth Amendment violation, the alleged conditions here lasted only three weeks, and they were apparently necessitated by weather conditions due to a hurricane. Being subjected to the alleged unsanitary conditions for this length of time falls short of stating an Eighth Amendment claim. See Beverati, 120 F.3d at 504 (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Finally, as previously noted, the Fourth Circuit has also held that to state an Eighth Amendment claim based on conditions of confinement, a plaintiff must allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler, 989 F.2d at 1381. In this action, Plaintiff has failed to allege that a serious or significant physical or emotional injury resulted from the challenged prison conditions. In sum, Plaintiff has failed to state a claim for an Eighth Amendment violation based on alleged conditions of confinement.

**IV.    CONCLUSION**

For the reasons stated herein, Plaintiff's Complaint will be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2. The Clerk is directed to terminate this action.

Signed: May 27, 2014

Frank D. Whitney
Chief United States District Judge